UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CR-20688-GAYLES

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**ALAIN ANTONIO POLO-ROJAS**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Alain Antonio Polo-Rojas' Motion for Compassionate Release (the "Motion") [ECF No. 323]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

### I.  BACKGROUND

Defendant is a 51-year-old man currently incarcerated at Yazoo City Low FCI in Yazoo City, Mississippi, with a projected release date of June 18, 2024.[1] On May 19, 2017, the Court sentenced Defendant to a 120-month term of imprisonment and a 5-year term of supervised release for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. [ECF No. 137]. During the commission of the instant offense, Defendant was on supervised release for another drug trafficking case in this district, *United States v. Alain Polo Rojas*, Case No. 0:16-cr-60053-Cohn, for which he was sentenced to 47 months' imprisonment and 4 years of supervised release. [ECF No. 140 at 21–23, 30]. Defendant was previously sentenced to 46 months' imprisonment in another federal drug trafficking case. *Id*. at 19–21.

---

[1] When Defendant filed this Motion, he was housed at Marianna FCI. The Court's review of the Bureau of Prison's Inmate Locator indicates that Defendant is now housed at Yazoo City Low FCI.

On June 10, 2020, Defendant made a request to the Warden of Marianna FCI for consideration for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 324 at 12]. The record does not reflect that the Warden responded to the request.

Defendant subsequently filed the instant Motion, asking the Court to grant him compassionate relief and to modify his sentence of imprisonment to home confinement for the balance of time remaining. Defendant alleges that the conditions at Marianna FCI, along with his age, put him at an increased risk of contracting COVID-19. Defendant also alleges that he suffers from asthma, high blood pressure, high cholesterol, high triglycerides, high LDL cholesterol, and high A1C levels indicating a high risk for diabetes, which all make him vulnerable to COVID-19. Defendant's medical records confirm these ailments, although those records do not indicate the severity of these ailments. Defendant has not been diagnosed with diabetes.

## II.    LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with the applicable policy statements issued by the

Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) sentencing factors support Defendant's release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

### III. DISCUSSION

It is undisputed that Defendant exhausted his administrative remedies.[2] Turning to the merits of Defendant's compassionate release request, the Court denies Defendant's Motion because (1) the § 3553(a) factors do not support Defendant's release; and (2) Defendant fails to present extraordinary and compelling reasons warranting his release.

#### A. Section 3553(a) Factors

The factors in § 3553(a) do not support a modification of Defendant's sentence. Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect

---

[2] While Defendant filed this Motion before the 30 days passed, *see* 18 U.S.C. § 3582(c)(1)(A), he fully exhausted the administrative remedies as the Warden did not respond to his request and the satisfaction of this requirement is undisputed by the Government. [ECF No. 327 at 3].

3

the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

Here, the Court, considering these factors, concluded that a 120-month term of imprisonment and 5-years of supervised release was an appropriate sentence. Defendant has not provided any new and convincing basis to justify a modification to his sentence. Defendant argues that his recent educational courses and employment warrants a modified sentence. However, the additional education and employment Defendant obtained during his incarceration are not so substantial to warrant a reduction of his sentence. *See United States v. Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the information that [defendant] provide[d] in his [m]otion was before the Court at the time of his sentencing[,]" and the imposed sentence was appropriate). Even so, based on Defendant's criminal history, a reduced sentence here would not reflect the seriousness of the offense, afford adequate deterrence, protect the public, or promote respect for the law.

    **B.**    **Extraordinary and Compelling Reasons**

Defendant also fails to allege any extraordinary and compelling reasons for a sentence reduction. Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Conditions of the Defendant.**

    (ii) The Defendant is--

        (I) suffering from a serious physical or medical condition,

>> (II) suffering from a serious functional or cognitive impairment, or
>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. In response to the recent pandemic, the Centers for Disease Control and Prevention (the "CDC") delineated several conditions that increase the risk of contracting COVID-19. *See People with Certain Medical Conditions*, Ctrs. For Disease Control & Prevention (May 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 2, 2022). These conditions include moderate to severe asthma and heart disease, but not specifically high blood pressure or high cholesterol. *Id.* The CDC also states that individuals above sixty-five have an increased risk of getting sick from COVID-19. *Id.*

While Defendant's medical records show that he suffers from multiple medical conditions, he has not shown that these conditions are serious enough to warrant a modification of his sentence. Defendant's records only show that he has a prescription for asthma, not whether it is moderate or severe. The mere diagnosis of asthma is not enough to support the contention that Defendant has an increased risk of serious illness due to COVID-19. *See United States v. Morrow*, 2021 WL 3629822, at *2 (11th Cir. Aug. 17, 2021) (affirming the district court's determination that a prisoner's asthma does not mandate a finding of an extraordinary and compelling reason).

Additionally, Defendant's high blood pressure and high cholesterol do not by themselves equate to an increased risk of COVID-19 due to heart disease. According to the CDC, high blood pressure and high cholesterol are only risk factors for heart disease. Defendant's medical records do not show that Defendant suffers from heart disease nor that these conditions place him at an

increased risk of contracting COVID-19. Because there is no clear evidence of the severity of Defendant's illnesses or the risks associated with them, and because Defendant is fourteen years below the heightened-risk age range, a modification of Defendant's sentence is not warranted.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release, [ECF No. 323], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of June, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE